■ COMMUNITY NATIONAL BANK AND TRUST COMPANY OF NEW YORK, Appellant, v. TORINO AUTO SALES, INC., Respondent.— Order of the Supreme Court, Richmond County, dated April 22, 1974, affirmed, with $20 costs and disbursements (see *Long Is. Trust Co.* v. *Porta Aluminum Co.*, 44 A D 2d 118; *Hempstead Bank* v. *Andy's Car Rental System*, 35 A D 2d 35). Cohalan, Acting P. J., Christ, Brennan, Munder and Shapiro, JJ., concur.

■ MARTIN GOLDBERG et al., Appellants, v. ELKOM CO., INC., et al., Defendants, and ALAN RAPOPORT, Respondent.— In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from so much of a judgment of the Supreme Court, Kings County, entered June 24, 1974, as is in favor of defendant Rapoport, upon a jury verdict on the issue of damages. Judgment reversed insofar as appealed from, on the law, with costs, and, as between plaintiffs and defendant Rapoport, action severed and new trial granted on the issue of damages. The appeal presented no questions of fact. The action arose out of an automobile accident. The jury found that defendant Rapoport was liable to plaintiffs following the first stage of bifurcated trial. However, the same jury found for Rapoport on the issue of damages. With regard to that issue, plaintiffs offered uncontroverted medical proof that as a result of the accident plaintiff Martin Goldberg suffered a herniated lumbar disc, a sprained cervical spine and a postconcussion syndrome. Rapoport's medical witness was unable to state with any degree of medical certainty the nature, cause or extent of the injury. On such a record, it is patently clear that the evidence preponderated so greatly in plaintiffs' favor that the jury could not have reached its conclusion on any fair interpretation of the evidence (*Pertofsky* v. *Drucks*, 16 A D 2d 690; see, also, *Molinelli* v. *Roesh*, 42 A D 2d 903). Gulotta, P. J., Hopkins, Martuscello, Latham and Christ, JJ., concur.